IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHANIEL B. STILL, | : Civil No. 3:24-CV-1374 |
| Plaintiff, | : |
| v. | : (Judge Saporito) |
| | : (Chief Magistrate Judge Bloom) |
| BRIDON AND BEKAERT, | : |
| Defendant. | : |

REPORT AND RECOMMENDATION

I. Factual Background

This case comes before us for a screening review of the plaintiff's *pro se* civil complaint. The plaintiff, Nathaniel Still, brought this action against his former employer, Bridon Bekaert. (Doc. 1). His complaint appears to allege a violation of Title VII of the Civil Rights Act against the defendant arising out of his former employment with Bridon Bekaert and his termination. (*Id.*).

Liberally construed, Still's complaint and attached exhibits assert that he was terminated from his employment at Bridon Bekaert on August 11, 2023, after he was involved in an altercation with two other employees. (Doc. 1 at 3-4; Doc. 1-2 at 6-7). Following the altercation, Still

was suspended and eventually terminated, while the other two employees involved, who Still describes as "white," were not disciplined. (Doc. 1 at 4). According to his termination letter, Still had incurred three documented disciplines prior to the altercation with the other employees that allegedly led to his termination. (Doc. 1-2 at 6-7). While Still's complaint fails to allege any actual cause of action, we liberally construe the complaint to assert a claim of racial discrimination under Title VII of the Civil Rights Act of 1964.[1]

    Along with this complaint, Still filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). After consideration, we will conditionally grant the plaintiff's motion to proceed *in forma pauperis*, but we conclude that the complaint, as currently pleaded, fails to state a claim upon which relief can be granted. Accordingly, we recommend that the complaint be dismissed without prejudice to afford the plaintiff an opportunity to amend his complaint.

---

[1] We construe this as a Title VII racial discrimination claim based on Still's reference to the other employees as "white," although Still's complaint does not indicate his race or any other protected class under Title VII.

## II. Discussion

### A. Screening of *Pro Se* Complaints – Standard of Review

We have a statutory obligation to preliminarily review *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). We review such complaints to determine whether there are frivolous or malicious claims, or if the complaint fails to state a claim upon which relief may be granted. *Id.* This statutory preliminary screening mirrors review under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this legal benchmark, under federal pleading standards a plaintiff is required to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-

3

movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

> As the Third Circuit Court of Appeals has aptly summarized:
>
> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

4

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

Finally, when reviewing a *pro se* complaint, we are reminded that such complaints are to be construed liberally, "so 'as to do substantial justice.'" *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (quoting Fed. R. Civ. P. 8(f)). We must apply the relevant law even if the *pro se* plaintiff does not mention it by name. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).

However, a *pro se* complaint must still meet the basic requirements of Federal Rule of Civil Procedure 8, which states that a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

### B. This Complaint should be Dismissed Without Prejudice.

Still appears to be asserting his claims against the defendant under Title VII of the Civil Rights Act, alleging racial discrimination. After consideration, we conclude that Still has not asserted sufficient factual allegations to state a claim of discrimination under Title VII, and the complaint is devoid of any request for relief. Accordingly, this complaint fails to meet the basic requirements of Rule 8, which requires that "a claim for relief must contain [] a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3).

To state a claim of racial discrimination under Title VII, a plaintiff must allege that (1) he is a member of a protected class; (2) he was

qualified for the position he was in; (3) he suffered an adverse employment action; and (4) there are circumstances giving rise to an inference of unlawful discrimination. *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008). Here, while still alleges that the two employees involved in the altercation were "white," the complaint does not allege any facts to show that Still is a member of a protected class for purposes of Title VII. Further, Still's complaint contains no claim for relief whatsoever. This failure to request any sort of relief defies Rule 8's basic requirement that a complaint contain "a demand for the relief sought." Fed. R. Civ. P. 8(a)(3); *see RKO-Stanley Warner Theatres, Inc. v. Mellon Nat. Bank & Trust Co.*, 436 F.2d 1297, 1304 (3d Cir. 1970).

Accordingly, we recommend that this complaint be dismissed, but that Still be afforded an opportunity to amend his complaint to endeavor to comply with the requirements of Rule 8. *See Scibelli v. Lebanon Cnty.*, 219 F. App'x 221, 222 (3d Cir. 2007) ("[A]n order dismissing a complaint under Rule 8 clearly is without prejudice as it is not an adjudication on the merits.").

### III. <u>Recommendation</u>

Accordingly, IT IS RECOMMENDED that the plaintiff's complaint be dismissed without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acts within 20 days of any dismissal order.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 21st day of October 2024.

9

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge